IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL J.G. SAUNDERS,**

    **Plaintiff,**

v.                                                                                                                                                  Civil Action No. 3:15CV117

**HAROLD W. CLARKE,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Michael J.G. Saunders, proceeding *pro se* and *in forma pauperis*,[1] has submitted this civil action.[2] Saunders brings this case pursuant to 42 U.S.C. § 1983.[3] Saunders appeared *pro se* at a hearing held on March 10, 2015. For the reasons stated below, the Court will dismiss the action for lack of jurisdiction.

---

[1] On March 4, 2015, the Court granted Saunders leave to proceed *in forma pauperis*. (ECF No. 2.)

[2] Saunders has filed nine other cases in this Court since 2009: (1) *Saunders v. Flaherty*, No. 3:13cv854 (E.D. Va. filed Dec. 27, 2013); (2) *Saunders v. Jones*, No. 3:12cv192 (E.D. Va. filed Mar. 13, 2012); (3) *Saunders v. Dir., Va. Dep't of Corr.*, No. 3:11cv705 (E.D. Va. filed Oct. 20, 2011); (4) *Saunders v. Virginia*, No. 3:11cv352 (E.D. Va. filed May 25, 2011); (5) *Saunders v. Clarke*, No. 3:11cv170 (E.D. Va. filed Mar. 18, 2011); (6) *Saunders v. Minton*, No. 3:10cv615 (E.D. Va. filed Aug. 30, 2010); (7) *Saunders v. Minton*, No. 3:10cv570 (E.D. Va. filed Aug. 16, 2010); (8) *Saunders v. Riverside Reg'l Jail*, No. 3:10cv258 (E.D. Va. filed Apr. 21, 2010); and, (9) *Saunders v. Smith*, No. 3:09cv815 (E.D. Va. filed Dec. 23, 2009).

[3] The statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. Background[4]

On September 2, 2008, the Circuit Court of the County of Chesterfield, Virginia ("Circuit Court") convicted Saunders "on a guilty plea to two counts of consensual sodomy with juveniles" under Va. Code Ann. § 18.2-361(A) (West 2008).[5] *Saunders I*, 753 S.E.2d at 605. On each count, the Circuit Court sentenced Saunders to five years incarceration with five years suspended. *Id.* At a hearing on August 22, 2012, the Circuit Court found Saunders guilty of violating the conditions of his probation and imposed an active three-year period of incarceration.[6] *Id.* at 606. Saunders argued during the hearing that the Circuit Court lacked authority to impose any sentence on his probation violation pursuant to *Lawrence v. Texas*, 539

---

[4] The Court recites the pertinent background as articulated by the Court of Appeals of Virginia ("Virginia Court of Appeals") in *Saunders v. Virginia*, 753 S.E.2d 602, 605 (Va. Ct. App. 2014) ("*Saunders I*") and by Saunders in his Complaint and Motion for a Temporary Restraining Order and a Preliminary Injunction & Memorandum of Law in Support ("Motion"). Saunders signed both the Complaint and Motion under penalty of perjury. Saunders also spoke under oath during the March 10, 2015 hearing. (*See* Compl. 12–13, ECF No. 3; Mot. TRO & Prelim. Inj. & Mem. Law. Supp. ("Mot.") 14, ECF No. 4.)

[5] At all times relevant to this case, Va. Code Ann. § 18.2-361(A) stated in pertinent part: "If any person . . . carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a [felony]." Va. Code Ann. § 18.2-361(A) (West 2008). For ease of reference, the Court refers to this as "the anti-sodomy provision." The General Assembly amended Section 18.2-361(A) in 2014 and removed the anti-sodomy provision. *Toghill v. Virginia*, --- S.E.2d ---, No. 140414, 2015 WL 798710, at *8 (Va. Feb. 26, 2015). The General Assembly also "amended other statutes to ensure that sodomy with a minor would be a crime." *Id.* (citing 2014 Va. Acts ch. 794). "Currently, the Code of Virginia criminalizes sodomy involving adults and minors in numerous ways." *Id.*

[6] On August 4, 2009, the Circuit Court had found Saunders violated the conditions of his probation, revoked the suspended sentences, re-suspended the sentences, and then returned Saunders to supervised probation. *Id.* at 605.

U.S. 558 (2003).[7] *Id.* The Circuit Court rejected this argument in a September 4, 2012 Show Cause Order. (Compl. 4; Ex. C Show Cause O. Sept. 4, 2012 at 1–2, ECF No. 7.[8])

Saunders appealed the Circuit Court's probation violation finding to the Virginia Court of Appeals. Among other challenges, Saunders attacked his underlying 2008 convictions based on the *Lawrence* decision and the United States Court of Appeals for the Fourth Circuit's recent ruling in *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. 2013) ("*MacDonald/Moose*").[9] *Saunders I*, 753 S.E.2d at 606. Saunders argued that the Circuit Court lacked jurisdiction to impose any sentence on his probation violation because his original 2008 convictions flowed from an unconstitutional statute, as declared by *MacDonald/Moose*. *Id.* at 607.

On March 15, 2013, while his appeal to the Virginia Court of Appeals remained pending, the Circuit Court granted Saunders a personal recognizance appellate bond. (Mot. 3.) The Virginia Department of Corrections released Saunders from custody on the same day. (*Id.*) On April 6, 2013, Saunders's probation officer "released him from probation." (Compl. 5.)

On February 4, 2014, the Virginia Court of Appeals affirmed the Circuit Court and concluded that a Supreme Court of Virginia ("Virginia Supreme Court") decision upholding the constitutionality of the anti-sodomy provision bound its decision regarding Saunders's appeal.[10]

---

[7] The *Lawrence* court held unconstitutional a Texas statute criminalizing certain sexual conduct between consenting adults of the same sex. 539 U.S. at 578.

[8] On Friday, March 6, 2015, in anticipation of a hearing scheduled for Tuesday, March 10, 2015, Saunders submitted a letter requesting that the Court consider four attached documents at the hearing. At the hearing, the Court admitted certified copies of the documents, and one other exhibit, ordering them filed as part of the record. (*See* Exs. A–E, ECF No. 7.)

[9] The Fourth Circuit found the anti-sodomy provision facially violated the Due Process Clause of the Fourteenth Amendment. *MacDonald/Moose*, 710 F.3d at 156.

[10] Prior to *MacDonald/Moose*, in *McDonald v. Virginia*, 645 S.E.2d 918 (Va. 2007), the Virginia Supreme Court concluded that because *Lawrence* limited its holding by saying "[t]he

3

*Id.* at 608, 611. Saunders appealed to the Virginia Supreme Court, and, on February 26, 2015, the Virginia Supreme Court affirmed the Virginia Court of Appeals. *Saunders v. Virginia*, No. 140507, at 1 (Va. Feb. 26, 2015) ("*Saunders II*").[11]

Four days following the Virginia Supreme Court's decision, on March 2, 2015, Saunders submitted this Complaint and his request to proceed *in forma pauperis*. Saunders seeks redress under the Fourth Circuit's *MacDonald/Moose* facial unconstitutionality finding. Saunders argues that the Virginia Supreme Court's *McDonald, Toghill,* and *Saunders II* decisions violated what he calls binding federal law in *MacDonald/Moose*. When the Virginia Supreme Court relied on the language in *Lawrence* saying that its finding did not apply to conduct with minors, Saunders argues that the Virginia Supreme Court improperly ignored the Fourth Circuit. He contends that *MacDonald/Moose* rendered his guilty pleas unconstitutional. Saunders asks this

---

present case does not involve minors," *Lawrence*, 539 U.S. at 578, Virginia's anti-sodomy provision was constitutional as applied to the defendant who had engaged in sodomy with minor victims. *McDonald*, 645 S.E.2d at 924.
   Despite the different spelling, the defendant in *McDonald* and the petitioner in *MacDonald/Moose* are the same individual. *See MacDonald/Moose*, 710 F.3d at 158 & n.5.

[11] *Saunders II* cited *Toghill*, 2015 WL 798710, at *1, issued the same day. Again noting that the *Lawrence* court limited the applicability of its findings to situations that do not involve minors, *Toghill* held that the anti-sodomy provision was not facially unconstitutional. *Toghill*, 2015 WL 798710, at *5–6 ("*Lawrence* simply does not afford adults with the constitutional right to engage in sodomy with minors. . . . [W]e hold that [the anti-sodomy provision] was constitutional as applied to Toghill. . . . [C]onstitutional applications of [the anti-sodomy provision] [exist], and Toghill's facial challenge to the statute therefore fails."). The *Toghill* court instructed:

> In accordance with the *Lawrence* decision, Code § 18.2–361(A) cannot criminalize private, noncommercial sodomy between consenting adults, but it can continue to regulate other forms of sodomy, such as sodomy involving children, forcible sodomy, prostitution involving sodomy and sodomy in public. The easy to articulate remedy is that Code § 18.2–361(A) is invalid to the extent its provisions apply to private, noncommercial and consensual sodomy involving only adults.

*Id.* at *8.

Court to enjoin the enforcement of the Circuit Court's September 4, 2012 Show Cause Order sentencing him to an active three years of incarceration for violating the conditions of his probation. He argues that the Circuit Court lacked authority to sentence him for violating his probation because the *MacDonald/Moose* court found unconstitutional the statute underlying his 2008 convictions. (Compl. 12.)

> The crux of Saunders's contentions follow:
>
> Notwithstanding the clear and unambiguous holding of [*MacDonald/*]*Moose* that Va. Code [§] 18.2-361(A) has been facially invalid since 2003, absent immediate intervention by this Court, Saunders will be incarcerated by the Defendants, taken to prison, deprived of his liberty, his ability to work, and will most likely lose everything he owns and has gained since his release, therefore sustaining great and immediate irreparable harm due to the patently unlawful and unconstitutional enforcement of a facially unconstitutional law in clear and unambiguous violation of clearly established law as held by the Court of Appeals for the Fourth Circuit, in blatant and irremediable transgression of the 14th Amendment and Plaintiff's rights guaranteed thereunder.

(Compl. 8 (footnotes omitted).)

The majority of the Complaint recites the procedural history described above. In his Complaint, Saunders does not provide any details about why he "undoubtedly will soon be unlawfully incarcerated and deprived of his liberty by Defendant Harold W. Clarke, Director of the Virginia Department of Corrections." (Compl. 3.) At oral argument, Saunders averred, without evidentiary support, that a Virginia mandate will soon issue that would result in his being taken into custody. He currently admits under the penalty of perjury that his probation officer released him from probation on April 6, 2013. Saunders is not in custody. For the reasons discussed below, the Court finds that it lacks jurisdiction and dismisses the action.

## II. Discussion

This Court must dismiss the action for three reasons. First, the Complaint does not present an actual case or controversy such that this Court may exercise its limited jurisdiction.

5

Second, neither identified defendant, Harold W. Clarke or the Circuit Court of the County of Chesterfield, is a proper defendant in these circumstances. Third, Saunders does not satisfy the high burden associated with his *ex parte* request for a temporary restraining order ("TRO").

### A. Saunders's case is not ripe because he alleges no current deprivation of liberty

First, because Sanders does not allege any current deprivation of liberty, the Complaint does not present a case or controversy sufficient for this Court to exercise jurisdiction. "The Constitution restricts the federal courts to 'Cases' or 'Controversies.'" *Emery v. Roanoke City Sch. Bd.*, 432 F.3d 294, 298 (4th Cir. 2005) (citing U.S. Const. art. III, § 2[12]). "The Supreme Court has developed a number of constitutional justiciability doctrines from the text of Article III, Section 2, including the prohibition against advisory opinions, the political question doctrine, and the doctrines of standing, ripeness, and mootness." *United States v. McClure*, 241 F. App'x 105, 107 (4th Cir. 2007). These justiciability doctrines "preserve the constitutionally mandated separation of powers, conserve judicial resources, improve judicial decisionmaking by requiring concrete controversies, and promote fairness by generally prohibiting the adjudication of the rights of parties not before a court." *Mitchell v. Clarke*, No. 1:12CV945 (TSE/TRJ), 2014 WL 3871219, at *3 (E.D. Va. Aug. 6, 2014).

---

[12] Article III, § 2 states:

**Section 2.** The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

"A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013) (citation omitted) (internal quotation marks omitted). Determining whether an action is ripe for judicial review requires courts to evaluate "the fitness of the issues for judicial decision" alongside "the hardship to the parties of withholding court consideration." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (deciding an administrative action).

"A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Doe*, 713 F.3d at 758 (citation omitted). The ripeness doctrine prevents a court from considering a controversy until it is presented in "clean-cut and concrete form." *Id.* (citation omitted) (internal quotation marks omitted). "An issue is fit for judicial review where further factual development would not 'significantly advance [a court's] ability to deal with the legal issues presented.'" *Glenmark Generics Ltd. v. Ferring B.V.*, No. 3:14CV422-HEH, 2014 WL 5162097, at *5 (E.D. Va. Oct. 14, 2014) (alteration in original) (quoting *Nat'l Park Hospitality Ass'n*, 538 U.S. at 812). "Where an injury is contingent upon a decision to be made by a third party that has not yet acted, it is not ripe as the subject of a decision in a federal court." *Doe*, 713 F.3d at 758 (citation omitted).

The hardship prong is measured by the immediacy of the threat and the burden imposed on the plaintiff. *Id.* at 759. When assessing hardship against the fitness of the issues for review, a court may consider the cost to the plaintiff of delaying review. *Id.*

Saunders's claims are not ripe and not fit for judicial review at this time. Saunders's Complaint expressly indicates that he "undoubtedly will soon be unlawfully incarcerated and

7

deprived of his liberty by Defendant Harold W. Clarke, Director of the Virginia Department of Corrections." (Compl. 3.) Saunders's oral assertion that his arrest is imminent lacks evidentiary footing. Saunders appeared in Court on March 10, 2015. Not only does Saunders have his liberty, his Complaint lacks the sort of factual allegations that would permit this Court to discern why Saunders will be arrested or why the issues he attempts to present are fit for judicial review.

The record before this Court does not permit a finding that the allegations present a ripe case or controversy. Any exercise of jurisdiction over an unripe case would violate this Court's Article III limited jurisdictional mandate because Saunders's case depends "on future uncertainties" not yet in "clear and concrete form." *Doe*, 713 F.3d at 758. Saunders's alleged future injury – arrest – is entirely "contingent upon a decision to be made by a third party that has not yet acted" and is therefore "not ripe as the subject of a decision in a federal court." *Id.*

### B. Saunders's case must be dismissed because Harold W. Clarke and the Circuit Court are improper defendants

Second, neither defendant is properly named in these circumstances. In a § 1983 action, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Saunders fails to explain how the defendants were personally involved in the deprivation of his constitutional rights. Saunders does not allege that Clarke, as Director of the Virginia Department of Corrections, currently has Saunders in custody. Also, the Circuit Court is not a person amenable to suit under § 1983. *Newkirk v. Shaw*, No. 3:14CV171-HEH, 2014 WL 6712888, at *5 (E.D. Va. Nov. 26, 2014) (dismissing § 1983 claim against Circuit Court of Portsmouth on grounds that a court is not a person amenable to suit in § 1983 action) (citing

*Oliva v. Boyer*, No. 98-1696, 1998 WL 637405, at *1 (4th Cir. Sept. 11, 1998) ("[T]he Defendant court system is not a person defined by . . . § 1983.")).

### C. The Court must reject Saunders's TRO request because he has not established irreparable injury

Finally, Saunders does not meet the requirements necessary for this Court to exercise the extraordinary remedy of granting him an *ex parte* TRO. A district court may issue a TRO in limited circumstances and only upon a specific showing of immediate and irreparable injury:

> **(1) Issuing Without Notice.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and[,]
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).[13]

A party seeking a preliminary injunction or TRO must demonstrate each of the following factors: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm to the plaintiff in the absence of a preliminary injunction; (3) the balance of equities between the parties; and, (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Real Truth About Obama, Inc. v. Fed. Election*

---

[13] On March 9, 2015, Saunders filed a declaration attempting to certify his efforts to notify defendant Harold W. Clarke of the March 10 hearing. (ECF No. 6.) Without deciding whether this filing satisfies Rule 65(b)(1)(B)'s requirement to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required," Fed. R. Civ. P. 65(b)(1)(B), this submission does not alter this Court's findings that Saunders: (1) does not present a ripe case or controversy; (2) does not allege proper defendants; and, (3) does not establish irreparable injury.

*Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010).[14]

On this record, the Court cannot find that Saunders demonstrates irreparable injury. He remains free and any future arrest depends on the actions of a third party who has not yet acted. No details on the record allow this Court to make a finding that Saunders's fear of future arrest satisfies Rule 65(b).

### III. Conclusion

For the foregoing reasons, the Court will dismiss the Complaint for want of jurisdiction. An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3-10-15

---

[14] As have other courts in the Fourth Circuit, this Court applies the *Winter* standard to Saunders's TRO request. *See Cohen v. Stewart*, No. WDQ-14-0611, 2014 WL 2574550, at *2 n.6 (D. Md. June 5, 2014); *Wade v. Ballard*, No. 2:13-012817, 2014 WL 1159607, at *3–4 (S.D. W.Va. Mar. 21, 2014); *Luther v. Wells Fargo Bank*, No. 4:11cv00057, 2012 WL 423753, at *1 n.1 (W.D. Va. Feb. 8, 2012). While the procedural aspects of a TRO and a preliminary injunction differ, the party seeking either form of extraordinary relief must satisfy the same standard. *PBM Prods., LLC v. Mead Johnson Nutrition Co.*, No. 3:09-CV-269, 2009 WL 1684471, at *2 n.6 (E.D. Va. May 7, 2009). *Compare* Fed. R. Civ. P. 65(a)(1), *with* Fed. R. Civ. P. 65(b)(1), (2) (a TRO may be issued without notice to the burdened party and may not, in general, exceed fourteen (14) days while a preliminary injunction may be entered only after the burdened party is given notice).

"Before the Supreme Court's decision in *Winter*, the standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977), governed the grant or denial of preliminary injunctions in the Fourth Circuit." *Real Truth About Obama, Inc.*, 575 F.3d at 346.