**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MICHAEL J.G. SAUNDERS,**

      **Plaintiff,**

**v.**                                                  **Civil Action No. 3:15CV117**

**HAROLD W. CLARKE, *et al.*,**

      **Defendants.**

**MEMORANDUM OPINION**

On March 10, 2015, this Court dismissed for lack of jurisdiction Plaintiff's 42 U.S.C. § 1983[1] civil action against Harold W. Clarke and the Circuit Court of Chesterfield County, Virginia ("Chesterfield Circuit Court").[2] *Saunders v. Clarke*, No. 3:15CV117, 2015 WL 1084489, at *1 (E.D. Va. Mar. 10, 2015). On March 17, 2015, Saunders submitted the following documents to the Clerk's Office of the United States District Court for the Eastern District of Virginia ("Clerk's Office"): (1) Motion to Alter or Amend the Judgment and for Leave to File a

---

[1] The statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] In addition to dismissing the Complaint for lack of jurisdiction, the Court concluded that Saunders failed to name proper defendants and failed to satisfy the high burden associated with his *ex parte* request for a temporary restraining order. *Saunders*, 2015 WL 1084489, at *3– 5. The Court presumes familiarity with the factual and procedural history of this case. *See id.* at *1–2. Unless otherwise noted, all terms defined in the Court's March 10, 2015 Memorandum Opinion and Order will have the same meaning here.

Supplemental Complaint[3] (ECF Nos. 11–12); (2) Supplemental Complaint (ECF No. 12-1); and, (3) Supplemental Motion for a Temporary Restraining Order and a Preliminary Injunction and Memorandum of Law in Support[4] ("Supplemental TRO Motion"). (ECF No. 13.)

Pursuant to Fed. R. Civ. P. 59(e),[5] Saunders seeks to alter or amend this Court's March 10, 2015 dismissal for lack of jurisdiction. (Rule 59(e) Request 1, ECF No. 11.) Saunders also seeks leave to file a Supplemental Complaint that includes a new plaintiff (William S. MacDonald). (*See* ECF No. 12-1.) The Supplemental Complaint adds two new defendants: the Circuit Court of Prince George County, Virginia ("Prince George Circuit Court") and Deputy Commonwealth's Attorney for Chesterfield County M. Duncan Minton, Jr., Esq. ("DCA

---

[3] Saunders submitted one document entitled "Motion to Alter or Amend the Judgment and for Leave to File a Supplemental Complaint," but the Clerk's Office docketed this motion as two separate entries: (1) Motion to Alter or Amend Judgment (ECF No. 11); and, (2) Motion for Leave to File Supplemental Complaint (ECF No. 12). For ease of reference, the Court refers to ECF No. 11 as Saunders's "Rule 59(e) Request" and ECF No. 12 as his "Rule 15 Request." The Court will cite to ECF No. 11 when referring to Saunders's Rule 59(e) Request and ECF No. 12 when referring to his Rule 15 Request.

[4] On March 23, 2015, Saunders submitted a "letter motion" for expedited review. (ECF No. 14.) While this Court reads all pro se filings liberally, it also notes that Local Rule 7(F)(1) requires a separate motion and memorandum of law with each filing. *See* E.D. Va. Loc. R. 7(F)(1) ("All motions, unless otherwise directed by the Court . . . shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies.").

This Court evaluates every other substantive motion filed by Saunders despite his failure to follow the Court's requirement to file a separate motion and memorandum of law pursuant to this Court's Local Rules. However, the Court DENIES the "letter motion" for expedited review for failure to follow Local Rule 7(F)(1). This federal court does not recognize "letter motions." In any event, the Court issues this decision before any action has been taken by the Chesterfield Circuit Court in Saunders's case, rendering the request for expedited review MOOT.

[5] "**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

2

Minton"). (*Id.*) The Supplemental Complaint continues to name the Chesterfield Circuit Court but eliminates one of the originally named defendants, Harold W. Clarke.[6] (*Id.*)

For the reasons that follow, the Court continues to lack jurisdiction because the case is not ripe. Saunders fails to establish entitlement to Rule 15(a) and Rule 59(e) relief, and the Court denies as moot his Supplemental TRO Motion. (ECF Nos. 11–13.) His "letter motion" is improperly filed and is moot. (ECF No. 14.)

## I. Applicable Law

### A.    Article III Jurisdiction

"The Constitution restricts the federal courts to 'Cases' or 'Controversies.'" *Emery v. Roanoke City Sch. Bd.*, 432 F.3d 294, 298 (4th Cir. 2005) (citing U.S. Const. art. III, § 2[7]). "The Supreme Court has developed a number of constitutional justiciability doctrines from the text of

---

[6] Saunders cites Federal Rule of Civil Procedure 15(d) in his Rule 15 Request. Rule 15(d) permits "a supplemental pleading [that] set[s] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). While Saunders adds allegations about conversations that happened after this Court's earlier decision, those discussions do not change the gravamen of Saunders's complaint. The Court construes Saunders's post-judgment request as a motion to amend pursuant to Rule 15(a). *See Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) ("[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility."). As pertinent here, "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

[7] Article III, § 2 states in pertinent part:

**Section 2.** The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

Article III, Section 2, including the prohibition against advisory opinions, the political question doctrine, and the doctrines of standing, ripeness, and mootness." *United States v. McClure*, 241 F. App'x 105, 107 (4th Cir. 2007) (citation omitted). These justiciability doctrines "preserve the constitutionally mandated separation of powers, conserve judicial resources, improve judicial decisionmaking by requiring concrete controversies, and promote fairness by generally prohibiting the adjudication of the rights of parties not before a court." *Mitchell v. Clarke*, No. 1:12CV945 (TSE/TRJ), 2014 WL 3871219, at *3 (E.D. Va. Aug. 6, 2014).

"A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013) (citation omitted) (internal quotation marks omitted). Determining whether an action is ripe for judicial review requires courts to evaluate "the fitness of the issues for judicial decision" alongside "the hardship to the parties of withholding court consideration." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (deciding an administrative action).

"A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Doe*, 713 F.3d at 758 (citation omitted) (internal quotation marks omitted). The ripeness doctrine prevents a court from considering a controversy until it is presented in "clean-cut and concrete form." *Id.* (citation omitted) (internal quotation marks omitted). "An issue is fit for judicial review where further factual development would not 'significantly advance [a court's] ability to deal with the legal issues presented.'" *Glenmark Generics Ltd. v. Ferring B.V.*, No. 3:14CV422-HEH, 2014 WL 5162097, at *5 (E.D. Va. Oct. 14, 2014) (alteration in original) (quoting *Nat'l Park Hospitality Ass'n*, 538 U.S. at 812). "Where an injury is contingent upon a decision to be made by a third

4

party that has not yet acted, it is not ripe as the subject of [a] decision in a federal court." *Doe,*

713 F.3d at 758 (citations omitted).

The Court measures the hardship prong by the immediacy of the threat and the burden

imposed on the plaintiff. *Id.* at 759. When assessing hardship against the fitness of the issues for

review, a court may consider the cost to the plaintiff of delaying review. *Id.*

**B.    The Relationship Between a Rule 59(e) Motion and a Rule 15(a) Post-Judgment Motion to Amend**

When a plaintiff combines a Rule 59(e) motion with a Rule 15(a) request for leave to

amend his or her complaint after the district court has entered judgment against the plaintiff,[8] the

district court first evaluates whether Rule 15(a) permits amendment. *See Hart v. Hanover Cnty.*

*Sch. Bd.,* No. 3:10-CV-794, 2013 WL 1867388, at *4–6 (E.D. Va. May 2, 2013) (analyzing post-

judgment Rule 15(a) motion to amend before deciding Rule 59(e) motion), *aff'd,* 547 F. App'x

298 (4th Cir. 2013) (per curiam).

To determine whether to grant vacatur in the post-judgment context, a court must

consider whether the motion to amend the complaint should be granted, just as it would on a

prejudgment motion to amend pursuant to Rule 15(a).[9] *See Katyle v. Penn Nat'l Gaming, Inc.,*

637 F.3d 462, 471 (4th Cir. 2011). If the Court denies leave to amend, the Court may deny the

Rule 59(e) Request. *Hart,* 2013 WL 1867388, at *6 (finding that "[d]enial of leave to amend

results in Plaintiff's failure to allege any grounds upon which this Court could alter or amend its

---

[8] The United States Court of Appeals for the Fourth Circuit indicates that "judgment" includes "a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." *Laber v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006) (en banc). This Court's dismissal for lack of jurisdiction constitutes a judgment.

[9] This Court "need not concern itself" with the legal standards for a Rule 59(e) motion when dealing with a post-judgment motion to amend. *See Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 471 (4th Cir. 2011). "[It] need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." *Id.*

judgment"). In order to succeed on a post-judgment motion to amend, the judgment must be

vacated pursuant to Rule 59(e).[10] *See Laber*, 438 F.3d at 427. Courts have held that delay alone

provides "an insufficient reason to deny the plaintiff's motion to amend." *See, e.g., id.*

In the post-judgment circumstances of this case, this Court applies Rule 15(a) to

Saunders's Rule 15 Request. *Hart*, 495 F. App'x at 315. Rule 15(a)(2) instructs courts to

"freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme

Court of the United States instructs courts to heed this mandate and freely allow amendments in

the absence of considerations such as undue delay, bad faith, repeated failure to cure

deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v.

Davis*, 371 U.S. 178, 182 (1962); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d

597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment

would be prejudicial to the opposing party, the moving party has acted in bad faith, or the

amendment would be futile."). A district court may deny leave to amend when the proposed

amended complaint fails to satisfy the requirements of the Federal Rules of Civil Procedure

because the amendment would not survive a motion to dismiss, rendering any attempt to amend

futile. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.

2008).

In order to avoid denial on the basis of futility, a party seeking to amend must meet the

pleading requirements for the particular cause of action. *See Pfizer, Inc. v. Teva Pharms. USA,

Inc.*, 803 F. Supp. 2d 459, 461 (E.D. Va. 2011). A Section 1983 plaintiff must allege that a

---

[10] The Fourth Circuit recognizes three grounds for granting Rule 59(e) relief: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or[,] (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases). Rule 60(b), also a basis for a post-judgment motion to amend, is not at issue here.

person acting under color of state law deprived him or her of either a constitutional right or a

right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in*

*Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). A plaintiff must

allege facts in his or her pleading that would establish each of the required elements sufficient to

survive a motion to dismiss.[11]

## II.  Summary of Allegations in Supplemental Complaint

The Supplemental Complaint repeats the background contained in the first Complaint.

(*See* Supp'l Compl. 4–8.) New allegations describe the calendaring of a future court date in the

Chesterfield Circuit Court and conversations among Saunders, his criminal counsel in the state

court, and DCA Minton. (*Id.* at 8.) Finally, the Supplemental Complaint contains scattered

allegations regarding proposed additional plaintiff William S. MacDonald.[12]

---

[11] The Court employs the familiar standard applicable when reviewing a motion to dismiss. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citation omitted).

[12] For example, the Supplemental Complaint identifies MacDonald's state court convictions in the Prince George Circuit Court, his involvement with Saunders in an already-resolved federal case regarding the state sex offender registry, and a November 2014 motion filed in the Prince George Circuit Court to vacate his prior convictions, which the Prince George Circuit Court denied. (Supp'l Compl. 3, 5, 8–9.) The Supplemental Complaint contains vague and conclusory allegations regarding MacDonald, and, for the reasons discussed *infra* Part III.B.1, Saunders cannot join MacDonald as a plaintiff in this action.

7

Saunders alleges that on or about March 10, 2015, he contacted his criminal lawyer in the

probation revocation matter before the Chesterfield Circuit Court, Gregory Sheldon, Esq., by

telephone. (*Id.*) During this conversation, Sheldon told Saunders that DCA Minton "threatened

to revoke Saunders['s] bond."[13] (*Id.*) Saunders contends DCA Minton called Sheldon on or

about March 2, 2015 "to confirm that [DCA Minton] was going to move the Chesterfield Circuit

Court" to revoke Saunders's bond. (*Id.*)

On approximately March 11, 2015, Sheldon confirmed to Saunders in an email that DCA

Minton "set a hearing for April 27, 2015, at 1:00 p.m., when [DCA] Minton intends to carry-out

his threat and move the Chesterfield Circuit [C]ourt to revoke Saunders's bond that he is

currently on." (*Id.* (grammar and punctuation corrected).) Saunders avers "the Chesterfield

Circuit Court is legally obligated to grant [DCA] Minton's motion, which will cause Saunders to

be incarcerated." (*Id.*)

The Supplemental Complaint describes the gravamen of the alleged constitutional

deprivation as follows:

> [A]s a direct and proximate cause of [DCA] Minton's threat to seek revocation of
> Saunders['s] bond and the Chesterfield Circuit Court's legal obligation under the
> color of state law to grant the same, Saunders will be incarcerated by the
> Defendants, taken to prison, deprived of his liberty, his ability to work, and will
> most likely lose everything h[e] owns and has gained since his release, thereby

---

[13] By order entered September 4, 2012, the Chesterfield Circuit Court found Saunders
violated the terms of his probation, revoked his previously suspended sentences, and sentenced
him to three years of active incarceration. *Saunders*, 2015 WL 1084489, at *1. On March 15,
2013, the Chesterfield Circuit Court "[g]rant[ed] Saunders a personal-recognizance appellate-
bond pending his appeals . . . . Saunders was released from custody of the VDOC on or about
same said date." (Supp'l Compl. 5.) "On or about April 6, 2013, Saunders was again before the
Chesterfield Circuit Court pursuant [to] Va. Code [Ann.] § 19.2-304 [West 2015], praying for the
relief of all of the conditions of probation incident [to] that Court's September 4, 2012 [Show
Cause O]rder." (*Id.*) "The Chesterfield Circuit Court granted Saunders's Motion and on same
said date his probation officer released him from probation." (*Id.* (capitalization and grammar
corrected)). *See generally Saunders*, 2015 WL 1084489, at *1 (describing procedural and factual
background).

sustaining great and immediate irreparable harm due to the patently unlawful and unconstitutional enforcement of a facially unconstitutional law in clear and unambiguous violation of clearly established law as held by the Court of Appeals in [*MacDonald/Moose*] and the United States Supreme Court in *Lawrence v. Texas*, [539 U.S. 558 (2003)], in blatant and irremediable transgression of the 14th Amendment . . . .[14]

(Supp'l Compl. 9–10 (footnote omitted).)

Although stated in numerous ways, the Supplemental Complaint generally asks this Court to declare the Virginia anti-sodomy statute unconstitutional and to enjoin the enforcement of the September 4, 2012 Show Cause Order. (*See id.* at 14–15.) The Supplemental Complaint seeks declaratory and injunctive relief, and costs. (*Id.*)

### III. Analysis

#### A.    This Court Cannot Find that the Supplemental Complaint Presents a Ripe Case or Controversy

Because Sanders does not allege any current deprivation of liberty or other constitutional violation, the Supplemental Complaint does not present a ripe case or controversy sufficient for this Court to exercise jurisdiction. As was the case with regard to Saunders's first complaint, Saunders's claims are not fit for judicial review.

Saunders's continued assertion that his incarceration is imminent lacks evidentiary footing. The future hearing described in the Supplemental Complaint does not amount to a current deprivation of liberty.[15] In his proposed Supplemental Complaint, Saunders adds, in hearsay form, a conversation purportedly held between two other individuals: his attorney in the Chesterfield criminal case and DCA Minton, the state prosecutor. He also cites electronic

---

[14] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. const. amend. XIV, § 1.

[15] Saunders does not allege a current deprivation of liberty. Saunders appeared in this Court on March 10, 2015. On March 17, 2015 and March 23, 2015, he appeared in person at the Clerk's Office for this United States District Court to submit additional documents.

communication from his state criminal attorney.  While Saunders alleges DCA Minton

"threatened to revoke Saunders['s] bond" and "intends to carry-out his threat and move the

Chesterfield Circuit [Court] to revoke Saunders'[s] bond," (Supp'l Compl. 8), the Supplemental

Complaint lacks further factual allegations that make this federal case plausibly actionable.

*Iqbal*, 556 U.S. at 678.  Even presuming those allegations to be true, they do not raise an existing

deprivation of liberty.

Saunders's Supplemental Complaint also lacks the sort of plausible factual allegations

that would permit this Court to discern why Saunders presents other issues currently fit for

judicial review.  Saunders expects this Court to accept every factual and procedural inference

regarding the outcome of an upcoming state criminal proceeding.  However, even presuming a

dissonance between state and federal decisions regarding Virginia's anti-sodomy law, this Court

cannot enjoin a state court from holding a bond hearing – before the state court has had any

opportunity to apply its procedural rules and law – based on such layers of speculation about

what Saunders claims would be an unconstitutional outcome.  The Court need not accept

Saunders's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.,*

*Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *accord Iqbal*, 556 U.S. 678.

Any exercise of jurisdiction over an unripe case would violate this Court's limited Article

III jurisdictional mandate because the case depends "on future uncertainties" not yet in "clean-

cut and concrete form." *Doe*, 713 F.3d at 758.  Saunders's alleged future injury (an

unconstitutional hearing during which a judge decides to incarcerate him) can only be discerned

through further factual development. *Id.*  The underpinning of the claim of injury before the

Court is entirely "contingent upon a decision to be made by a third party that has not yet acted"

and is therefore "not ripe as the subject of [a] decision in a federal court." *Id.*  Any hardship to

Saunders is equally speculative.  As such, this Court FINDS that it LACKS JURISDICTION over this case.

**B.      None of the Proposed Amendments Survive Motion to Dismiss Scrutiny, Making Amendment Futile**

Even if this Court could address the Rule 15 and Rule 59(e) Requests before it, Saunders could not prevail.  The Supplemental Complaint also fails to survive motion to dismiss scrutiny, making amendment futile.  First, joinder of new plaintiff William S. MacDonald violates Federal Rule of Civil Procedure 20.[16]  Granting leave to amend to include a plaintiff whose joinder violates Rule 20 is futile.  Second, as this Court indicated in *Saunders*, 2015 WL 1084489, at *3– 4, the circuit courts are not proper defendants in this Section 1983 action.  Finally, the Supplemental Complaint fails to plausibly allege that DCA Minton has committed a constitutional violation.  Therefore, the Court DENIES leave to amend.

**1.      Joining William S. MacDonald as a Plaintiff Would Violate Rule 20, Making Amendment Futile**

First, the Supplemental Complaint does not satisfy the limits that Rule 20(a)(1) places on the ability to join William S. MacDonald as a plaintiff in this action.  Multiple plaintiffs in the same action must "assert [a] right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(1)(A).

---

[16] Federal Rule of Civil Procedure 20(a)(1) states:

**(a) Persons Who May Join or Be Joined.**
  **(1) *Plaintiffs.*** Persons may join in one action as plaintiffs if:
      **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
      **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Additionally, an action by multiple plaintiffs must raise a common question of law or fact as to all plaintiffs. Fed. R. Civ. P. 20(a)(1)(B). Because the Supplemental Complaint fails to satisfy Rule 20(a)(1), amendment would be futile.

Allegations in the Supplemental Complaint pertaining to Plaintiff MacDonald center on a Prince George County criminal case and the decision by the United States Court of Appeals in [Mac]Donald v. Moose, 710 F.3d 154 (4th Cir. 2013).[17] Although they involve similar facts, these cursory allegations about a separate case in a different state court do not state a basis for joinder. MacDonald makes no deprivation of liberty claim nor does he seek relief from any Prince George Circuit Court order. He, like Saunders, appears to ask this Court to declare unconstitutional Virginia's anti-sodomy law as interpreted through the Supreme Court of Virginia. Nothing in these allegations suggests that the Prince George and Chesterfield cases arise out of the same transaction or occurrence, or series of transaction or occurrences. MacDonald's joinder is improper under Rule 20(a)(1).

A joint challenge to Virginia's anti-sodomy statute, absent more, cannot sustain joinder under the federal rules. Any amendment to include an improperly joined plaintiff would be futile. See Dacre v. Unnamed Defendants, No. 7:12cv00055, 2012 WL 1533115, at *1 n.3 (W.D. Va. Apr. 30, 2012) (denying pro se inmate's request to add a fellow inmate as a plaintiff in his Section 1983 action regarding denial of medical care where the plaintiff "has not alleged that this fellow inmate was denied medical care as part of the same 'transaction or occurrence,' nor is there any reason on the face of his motion to believe that is the case" (citing Fed. R. Civ. P. 20(a)(1)(A))).

---

[17] This Court already has explained in detail Saunders's allegations about the upshot of the Fourth Circuit's ruling in [Mac]Donald v. Moose. See Saunders, 2015 WL 1084489, at *1–3.

12

### 2.   Prince George Circuit Court and Chesterfield Circuit Court are Not Subject to Suit in Section 1983 Actions, Making Amendment Futile

Second, the Prince George and Chesterfield Circuit Courts are not persons amenable to suit under Section 1983. *Saunders*, 2015 WL 1084489, at *3–4. Amendment to include them as defendants would be futile.

### 3.   The Supplemental Complaint Fails to Plausibly Allege that DCA Minton Has Committed a Constitutional Violation

Finally, the Supplemental Complaint does not contain plausible factual allegations that DCA Minton's conduct has violated a constitutional right. The Supplemental Complaint makes clear that DCA Minton scheduled a court date and "threatened" Saunders's attorney that he would seek revocation of Saunders's bail. (Supp'l Compl. 8–9.) Assuming all allegations to be true, nothing else has happened. While Saunders has a constitutional right to be free from unlawful incarceration, U.S. Const. amend. XIV, the Supplemental Complaint contains only layers of speculation about what will be a purportedly unconstitutional outcome in an upcoming state criminal proceeding. He does not allege that the bond revocation hearing will operate outside procedural and substantive rules. It is plain that the hearing will occur before a judicial officer. Certainly, no factual allegations suggest that DCA Minton already has deprived Saunders of his right to liberty. Conclusory allegations regarding the calendaring of a court date, DCA Minton's threat to ask the Chesterfield Circuit Court to revoke Saunders's bond, and what Saunders contends would be the Chesterfield Circuit Court's legal obligation to grant DCA Minton's request, without more, are too speculative to satisfy motion to dismiss scrutiny. *See Bell Atl. Corp.,* 550 U.S. at 555, 570 (citation omitted).

For the reasons stated above, this Court WOULD DENY Plaintiff's Rule 15 Request as futile.

13

**C.    Rule 59(e) Relief is Unavailable Due to the Futility of Saunders's Proposed Amendments**

A denial of leave to amend due to the futility of the proposed amendments "results in [the] failure to allege any grounds upon which this Court could alter or amend its judgment." *Hart*, 2013 WL 1867388, at *6. Therefore, the Court WOULD DENY Plaintiff's Rule 59(e) Request.

## IV.  Conclusion

For the preceding reasons, the Court lacks jurisdiction.  Saunders also lacks entitlement to Rule 15(a) and Rule 59(e) relief.  (ECF Nos. 11–12.)  The Court denies as moot the Supplemental TRO Motion.  (ECF No. 13.)  The "letter motion" for expedited review is denied as improperly filed and because it is moot.  (ECF No. 14.)

An appropriate Order shall issue.

_____   /s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date:  4-27-15